UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES STEVENS,

        Plaintiff,                      Case No. 1:12-cv-90

v.                                                Honorable Janet T. Neff

MICHAEL GRAFOS et al.,

        Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint[1] indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe. The Court will serve the amended complaint against Defendants Bull, Guminiski, Franks, Matthews, Schulte, Groh and Veteger.

---

[1] On March 6, 2012, Plaintiff filed a motion for leave to file an amended complaint (docket #4). Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Defendants have not yet filed a responsive pleading. Therefore, this Court will grant Plaintiff's motion.

**Discussion**

  I.  Factual allegations

Plaintiff presently is incarcerated at the Oaks Correctional Facility but complains of events that occurred at the Van Buren County Jail. In his *pro se* amended complaint, Plaintiff sues Sheriff Dale Gribler, Undersheriff Gabrielle Rought, Jail Administrator Mark Ziekle, Lieutenant Bob Kirk, Sergeants Unknown Bull, Unknown Guminiski and Virg Franks, Officers Michael Grafos, Stacey Matthews, Julie Schulte, Mark Curtis and Matt Groh, Physician Assistant James Veteger, and Michigan State Police Detectives Unknown Spring and John Doe.

On January 22, 2010, Plaintiff was shot. Plaintiff was treated at a hospital for his injuries. On February 1, 2010, Plaintiff was transferred to the Van Buren County Jail. While at the jail, Sergeant Franks placed Plaintiff in maximum security without providing Plaintiff with his medication or a low residue diet. Plaintiff was also forced to go outside without adequate clothing in freezing temperatures.

Because Plaintiff did not receive any medication, Plaintiff alleges that his intestines ruptured on February 2, 2010. When Plaintiff pushed the emergency button for help, Deputy Groh threatened to place Plaintiff in segregation. After a few hours, Deputy Groh took Plaintiff to see Sergeant Bull but Bull did nothing to assist Plaintiff. Plaintiff was returned to his cell even though his wounds were leaking fluid. Plaintiff complains that Sergeants Bull and Guminiski witnessed Plaintiff's medical condition and refused Plaintiff medical care.

One week later, Plaintiff was seen by a physician assistant and an MRI was ordered. Plaintiff was immediately taken to intensive care and remained in the hospital for eight days. When Plaintiff returned to the jail, he was denied medication for two more days.

Plaintiff also complained to Michigan Department of Corrections (MDOC) officials that he had a missing filling in a tooth and it needed to be filled. Plaintiff was seen by Physician

Assistant James Veteger, who stated that he could only do extractions under MDOC policy. During this time, Plaintiff was throwing up and he had blood in his colostomy bag. When Plaintiff asked for medical care, he was placed in the drunk tank by Deputy Matthews. He was told by Deputy Schulte that the drunk tank was for medical care.

Plaintiff complains that Defendants violated his Eighth Amendment rights, his substantive and procedural due process rights and engaged in a conspiracy under 42 U.S.C. § 1985.

For relief, Plaintiff requests compensatory damages and declaratory and injunctive relief.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not

'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe**

The body of Plaintiff's amended complaint contains no factual allegations about the conduct of Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each

alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his amended complaint must be dismissed against Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe.

Furthermore, to the extent Plaintiff sues Sheriff Gribler, Undersheriff Rought and Jail Administrator Ziekle for their supervisory role or authority over any of the conduct alleged in the amended complaint, he cannot state a § 1983 claim on this basis alone. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

In summary, Plaintiff fails to state a claim against Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe because he has not alleged that they engaged in any unconstitutional conduct.

B.  **Defendants Bull, Guminiski, Franks, Matthews, Schulte, Groh and Veteger**

Plaintiff contends that Defendants Bull, Guminiski, Franks, Matthews, Schulte, Groh and Veteger violated his rights under the Eighth and Fourteenth Amendments and engaged in a conspiracy under 42 U.S.C. § 1985. The Court concludes that Plaintiff's allegations against Bull, Guminiski, Franks, Matthews, Schulte, Groh and Veteger are sufficient to warrant service of the complaint.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Gribler, Rought, Ziekle, Kirk, Grafos, Curtis, Spring and John Doe will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Bull, Guminiski, Franks, Matthews, Schulte, Groh and Veteger.

An Order consistent with this Opinion will be entered.

Dated:  April 5, 2012                        /s/ Janet T. Neff
                                             Janet T. Neff
                                             United States District Judge