JAMES STEVENS,

        Plaintiff,                           Hon. Janet T. Neff

v.                                           Case No. 1:12-CV-90

UNKNOWN BULL, et al.,

        Defendants.

_____/

## **REPORT AND RECOMMENDATION**

        Plaintiff initiated this matter on January 30, 2012, against numerous defendants and has since twice amended his complaint. Presently before the Court is Plaintiff's Second Amended Complaint. (Dkt. # 51). Having previously granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the undersigned recommends that Plaintiff's complaint be dismissed against certain defendants as detailed below.

        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct.

1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

In his Second Amended Complaint, Plaintiff alleges that while he was detained in the Van Buren County Jail he was denied adequate medical care in violation of his 8th and 14th Amendment rights. In the introduction to his Second Amended Complaint, Plaintiff has named as defendants the following individuals: (1) Sheriff Dale Gribler; (2) Undersheriff Garielle Rought; (3) Jail Administrator Mark Ziekle; (4) Lieutenant Bob Kirk; (5) Sergeant Shannon Bull; (6) Sergeant Ray Guminski; (7) Sergeant Virg Franks; (8) Corrections Officer Stacey Matthews; (9) Corrections Officer Julie Schulte; (10) Corrections Officer Mark Curtis; (11) Corrections Officer Matt Groh; (12) Physician's Assistant James Fowler; (13) Detective Spring; and (14) John Doe.

In the body of his Second Amended Complaint, however, Plaintiff has failed to allege any factual allegations against the following individuals: (1) Sheriff Dale Gribler; (2) Undersheriff Garielle Rought; (3) Jail Administrator Mark Ziekle; (4) Lieutenant Bob Kirk; (5) Corrections Officer Julie Schulte; and (6) Corrections Officer Mark Curtis. To survive dismissal, Plaintiff must allege in his complaint *facts* sufficient to "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. He must likewise articulate facts sufficient to allege a "plausible claim for relief." *Iqbal*, 129 S.Ct. at 1949. Where a plaintiff names an individual as a defendant, but fails to make any factual allegations against that individual, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See, e.g., Iqbal*, 129 S.Ct. at 1949; *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir., July 22, 2002) ("a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights").

Accordingly, the undersigned recommends that the claims in Plaintiff's Second Amended Complaint against (1) Sheriff Dale Gribler; (2) Undersheriff Garielle Rought; (3) Jail Administrator Mark Ziekle; (4) Lieutenant Bob Kirk; (5) Corrections Officer Julie Schulte; and (6) Corrections Officer

Mark Curtis be dismissed for failure to state a claim. The undersigned further recommends that the present action proceed only against those individuals named as defendants in Plaintiff's Second Amended Complaint and against whom factual allegations of wrongdoing have been alleged: (1) Sergeant Shannon Bull; (2) Sergeant Ray Guminski; (3) Sergeant Virg Franks; (4) Corrections Officer Stacey Matthews; (5) Corrections Officer Matt Groh; (6) Physician's Assistant James Fowler; (7) Detective Spring; and (8) John Doe.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that the claims in Plaintiff's Second Amended Complaint be **dismissed** as to: (1) Sheriff Dale Gribler; (2) Undersheriff Garielle Rought; (3) Jail Administrator Mark Ziekle; (4) Lieutenant Bob Kirk; (5) Corrections Officer Julie Schulte; and (6) Corrections Officer Mark Curtis for failure to state a claim. The undersigned further recommends that the present action proceed only against those individuals named as defendants in Plaintiff's Second Amended Complaint and against whom factual allegations of wrongdoing have been alleged: (1) Sergeant Shannon Bull; (2) Sergeant Ray Guminski; (3) Sergeant Virg Franks; (4) Corrections Officer Stacey Matthews; (5) Corrections Officer Matt Groh; (6) Physician's Assistant James Fowler; (7) Detective Spring; and (8) John Doe.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date:  February 8, 2013                   /s/ Ellen S. Carmody_____
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge