UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEVENS,

   Plaintiff,           Hon. Janet T. Neff

v.                  Case No. 1:12 CV 90

MICHAEL GRAFOS, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment. (Dkt. #58). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.


## BACKGROUND

Plaintiff makes the following allegations in his Second Amended Complaint. (Dkt. #51). On January 22, 2010, Plaintiff "was shot and taken to the hospital." On February 1, 2010, Plaintiff was transferred from the hospital to the Van Buren County Jail. During this transfer, Detective Spring and Michigan State Police Officer, John Doe, "forced the Plaintiff to go outside in sub freezing weather without adequate clothing." After arriving at the Van Buren County Jail, Sergeant Franks failed to provide Plaintiff with his prescribed medications.

At approximately 6:00 a.m. the following morning, "Plaintiff's intestines ruptured due to the lack of medications." Plaintiff "pushed the emergency call button to get help," after which Deputy Matt Groh instructed Plaintiff that he would "place the Plaintiff in segregation for pushing the

emergency button if he did it again." Deputy Groh later escorted Plaintiff to speak with Sergeant Bull who denied Plaintiff's requests for medical treatment despite the fact that Plaintiff's visible wound "was leaking fluid from his intestine." On February 4, 2010, and again on February 12, 2010, Deputy John Doe "forced Plaintiff to go outside in sub freezing weather without adequate clothing."

At some later unidentified date, Plaintiff was examined by a physician's assistant after which he was admitted to a hospital. Plaintiff was taken to Bronson Hospital, located approximately 50 minutes from the Van Buren County Jail, rather than Lakeview County Hospital, which was located "only five minutes" away. Plaintiff remained in the hospital for eight days after which he was discharged to the Van Buren County Jail. After returning to the jail, Plaintiff was again denied his prescribed medication. Plaintiff was also denied his medically prescribed diet. From February 12, 2010, through April 20, 2010, Plaintiff was required to change his medical dressings "in a non-sanitized environment" and, moreover, "was made to keep discarded dressing[s] in his cell."

On March 27, 2010, Plaintiff complained that he needed a filling in one of his teeth replaced. Plaintiff was examined by physician's assistant James Fowler who informed Plaintiff that "they could only do extractions per policy." On April 10, 2010, Plaintiff was "throwing up and had blood in his colostomy bag." When Plaintiff requested medical assistance, he was "placed in the drunk tank" by Deputy Matthews.

Plaintiff alleges that Defendants' conduct violated his Fourteenth Amendment right to substantive and procedural due process as well as his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff requests monetary damages in excess of one million dollars, as well as unspecified injunctive relief. Plaintiff now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same).

Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I. Substantive Due Process

Plaintiff asserts that Defendants' actions violate his Fourteenth Amendment right to substantive due process. Plaintiff's claim in this regard is premised on his allegations that his constitutional right to adequate medical treatment was violated. However, because Plaintiff's right to constitutionally adequate medical care is sufficiently protected by the Eighth Amendment, Plaintiff cannot prevail on his substantive due process claim. *See Albright v. Oliver*, 510 U.S. 266, 268-75 (1994).

### II. Procedural Due Process

Plaintiff also asserts that Defendants violated his Fourteenth Amendment right to procedural due process. Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an

individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433.

The fundamental requirement of procedural due process "is that an individual be given an opportunity to be heard at a meaningful time and in a meaningful manner" prior to the deprivation of a constitutionally protected interest. *Adam Wayne D. ex rel. David D. v. Beechwood Independent School Dist.*, 482 Fed. Appx. 52, 57 (6th Cir., May 22, 2012). Even if the Court assumes that Plaintiff has sufficiently alleged the deprivation of a constitutionally protected interest, a matter on which the Court, at this juncture, has no opinion, Plaintiff has failed to present evidence demonstrating that he is entitled to relief on this particular claim.

In support of his motion for summary judgment, Plaintiff has submitted several items: (1) copies of portions of his medical record; (2) a copy of a document indicating that Plaintiff is a certified Medical First Responder; (3) two pages of what appears to be a transcript of some judicial proceeding; and (4) an affidavit executed by Plaintiff. As discussed above, to prevail on a motion for summary judgment, Plaintiff, because he bears the burden proof at trial, must submit evidence sufficient to establish that "that no reasonable trier of fact could find other than for" him. Plaintiff's submissions, however, fall far short of this mark.

That Plaintiff is certified as a Medical First Responder is not relevant in this matter. Plaintiff's affidavit contains no allegations of fact, but instead simply asserts a litany of legal conclusions. The aforementioned transcript is neither authenticated nor identified. The discussion therein concerns the times that ministers are permitted to visit inmates at some unknown county jail. The Court fails to discern the relevance of this information on the question of whether Plaintiff's right to procedural due process was violated. Finally, the portions of Plaintiff's medical record submitted in

support of the present motion likewise do not entitle Plaintiff to relief on this particular claim as they fail to establish that Plaintiff was deprived of a sufficient opportunity to be heard.

### III.         Cruel and Unusual Punishment

Finally, Plaintiff alleges that he was denied medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976); *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether Defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take

reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, Defendant must prevail. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

The evidence submitted by Plaintiff does not establish that he was denied medical treatment or that any Defendant acted with a sufficiently culpable state of mind to violate Plaintiff's Eighth Amendment rights.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Summary Judgment</u>, (Dkt. #58), be **denied**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 17, 2013

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge