UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

    Plaintiff,

v.

MICHAEL GRAFOS, et al.,

    Defendants.
_____/

Case No. 1:12-cv-90

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On February 8, 2013, the Magistrate Judge filed a Report and Recommendation, recommending that the action be dismissed as to certain defendants upon initial screening pursuant to 28 U.S.C. §1915(e) on the grounds that the complaint fails to state a claim as to those defendants. The matter is presently before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 71) and Defendants' Response (Dkt 76). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's objections are titled as a Motion for Reconsideration (Dkt 71), in which "Plaintiff humbly asks the court to reinstate the Defendant's [sic] Sheriff Dale Gribler, Under Sheriff [sic] Garielle Rought, Jail Administrator Mark Ziekle, Lieutenant Bob Kirk, and C.O. Julie Schulte" (Dkt 71 at 4). To the extent this is an objection, it is denied because the Magistrate Judge properly

concluded that "Plaintiff has failed to allege any factual allegations against the following individuals (1) Sheriff Dale Gribler; (2) Undersheriff Garielle Rought; (3) Jail Administrator Mark Ziekle; (4) Lieutenant Bob Kirk; (5) Corrections Officer Julie Schulte; and (6) Corrections Officer Mark Curtis" to state a § 1983 claim (Dkt 52 at 3).

**Corrections Officer Mark Curtis**

As an initial matter, Plaintiff does not dispute the dismissal of Corrections Officer Mark Curtis. Accordingly, Corrections Officer Mark Curtis is dismissed without objection.

**Corrections Officer Julie Schulte**

Plaintiff objects to the dismissal of Corrections Officer Schulte and alleges that Defendant Schulte denied him medical help when he "was suffering from abdominal pain and vomiting" (Dkt 71 at 34). Plaintiff cross-references paragraph 36 of his memorandum in support of summary judgment (Dkt 59). In that paragraph Plaintiff states only that he tried to seek medical care and Defendant Schulte told him the drunk tank was his medical treatment (Dkt 59 at 6-7). Plaintiff has not alleged any facts stating a claim against Schulte, and moreover, no such allegations are contained in the second amended complaint.[1] Plaintiff has had ample opportunity to amend his complaint. Plaintiff has not established that he was unaware of this information nor has he established any other compelling reason that the information was not contained in the Second Amended Complaint. Accordingly, the Magistrate Judge properly concluded that "Plaintiff has failed to allege any factual allegations against" Corrections Officer Julie Schulte (Dkt 52 at 3).

---

[1]In paragraph 26 of the second amended complaint Plaintiff references being placed in the drunk tank when he asked for medical care (Dkt 51 at 5). However, the paragraph contains allegations against only Defendant Matthews.

**Lieutenant Bob Kirk**

Plaintiff asserts that Lieutenant Bob Kirk "authorized extra 'tote' to hold medical supplies subsequently caused [sic] Plaintiff to store bio-hazard waste in cell" (Dkt 71 at 4). Paragraph 23 of Plaintiff's Second Amended Complaint alleges that he "was made to keep discarded dressing in his cell" (Dkt 51 at 4). The Magistrate Judge, quoting the United States Supreme Court, properly noted that "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face'" (Dkt 52 at 1) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Even assuming that the above allegations are referencing the same act and are true, Plaintiff has not established that these alleged facts state a Constitutional violation against Defendant Kirk. Moreover, Plaintiff did not identify Defendant Kirk as the responsible officer in the Second Amended Complaint. Here again, Plaintiff has not established that he was unaware of Lieutenant Kirk's identity nor has he established any other compelling reason that the Defendant Kirk was not identified in the Second Amended Complaint. Accordingly, this objection is denied. The Magistrate Judge properly concluded that "Plaintiff has failed to allege any factual allegations against" Lieutenant Bob Kirk (Dkt 52 at 3).

**Sheriff Dale Gribler, Undersheriff Garielle Rought, and Jail Administrator Mark Ziekle**

Plaintiff does not state any specific allegations against Defendants Gribler, Rought, and Ziekle, rather, he asserts that these defendants are responsible for a number of policies that violated his rights. The policies that Plaintiff refers to include a dental policy, access to the law library, and the deprivation of Plaintiff's religious freedom. To the extent that these allegations relate to Plaintiff's access to the law library and Plaintiff's religious freedom, they are not contained in the

3

Second Amended Complaint nor are they relevant to any of the claims alleged (Dkt 71 at 2-4). Therefore, those objections are denied.

The Second Amended Complaint does include reference to the dental policy (Dkt 51 at 4-5). Plaintiff asserts that these defendants violated his Constitutional rights because they were responsible for the dental policy that violated his Constitutional rights. Generally, "officials should be personally liable in damages only for their own unconstitutional behavior" *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). However, in official capacity suits, an individual is sued only as an agent of the governmental entity. *Id.* at 1245. In these cases, the Plaintiff must show "his maltreatment was the result of a policy or custom of the government entity." *Id.* at 1247. The facts alleged by the Plaintiff are that he lost a filling on a tooth and was told that under those circumstances the policy was not to refill the tooth but to extract it (Dkt 51 at 4-5). Plaintiff has not established that these facts represent maltreatment let alone that any of the named individuals were responsible for a policy that violated his Constitutional rights.

Moreover, even if these facts did adequately allege maltreatment that resulted from a policy that these Defendants were responsible for, this allegation still fails. Here again, Plaintiff's Second Amended Complaint did not plead an official capacity suit against any of these parties. The lack of specific allegations against these Defendants, coupled with the fact that the Second Amended Complaint fails to allege that these parties were responsible for any policies that may violate Plaintiff's constitutional rights, fails to adequately place these Defendants on notice of the claims against them. *See Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Plaintiff has not established that he was unaware of these facts nor has he established any other compelling reason that he did not plead an official capacity claim in the Second Amended Complaint. Accordingly, the Magistrate

Judge properly concluded that "Plaintiff has failed to allege any factual allegations against" Defendants Gribler, Rought, and Ziekle (Dkt 52 at 3)

Plaintiff does not establish any error in the Magistrate Judge's Report and Recommendation. Plaintiff's Second Amended Complaint does not allege any specific facts against these six Defendants to establish a § 1983 claim. To the extent that Plaintiff has new facts or claims, this objection is not the proper format for raising those. *See Bogan v. Brunsman*, No. 1:11-cv-259, 2011 WL 4915016, at *1 (S.D. Ohio, Oct. 14, 2011). Furthermore, Defendant has had ample opportunity to amend his complaint and has been prohibited from further amendments barring extraordinary circumstances (Dkt 50 at 2). Therefore, Plaintiff's objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the objections (Dkt 71) are DENIED and the Report and Recommendation (Dkt 52) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Second Amended Complaint (Dkt 51) is DISMISSED as to Defendants Sheriff Dale Gribler; Undersheriff Garielle Rought; Jail Administrator Mark Ziekle; Lieutenant Bob Kirk; Corrections Officer Julie Schulte; and Corrections Officer Mark Curtis pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.


Dated: June 20, 2013                    /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge