UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

    Plaintiff,

v

MICHAEL GRAFOS, et al.,

    Defendants.
_____/

Case No. 1:12-cv-90

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving claims for both procedural and substantive due process violations under the Fourteenth Amendment and for Eighth Amendment violations pertaining to his medical needs. Plaintiff moved for summary judgment (Dkt 58). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 82), recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Rather than asserting error in the Magistrate Judge's analysis or conclusions, Plaintiff merely reasserts his contentions of injury and generalized legal conclusions in three cumulative objections (Dkts 86, 87, 89). For example, Plaintiff asserts: "The failure of Defendant's [sic] to act on there [sic] knowledge of substantial risk of serious harm to Plaintiff violated his Eighth Amendment right

to be free form [sic] deliberate indifference to his safety" (Dkt 89 at 2), and "The refusal of urgent care (Emergency Room) by the Defendant's [sic], constituted deliberate indifference to Plaintiff's serious medical needs in violation of the 8th Amendment" (*id.*). Such bare, general allegations provide no basis for challenging the Magistrate Judge's conclusion that Plaintiff is not entitled to summary judgment on his claims. The Court, therefore, denies the objections.

Furthermore, Plaintiff's arguments fail to indicate to which portion(s) of the Report and Recommendation he specifically objects. *See* W.D. Mich. LCivR 72.3(b) ( written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). To the extent that Plaintiff's objections merely reargue his general claims, they are not proper objections to the Report and Recommendation.

Finally, Plaintiff states in his objections: "Since all response and summary judgment by the defendant's [sic] counsel is 'hearsay'. There is no record before the court in opposition to mine, the rules if [sic] civil procedure require you to rule in my favor" (Dkt 89 at 3). Plaintiff misinterprets the summary judgment standard. When moving for summary judgment, as Plaintiff is here, the moving party with the burden of proof "'must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Meyers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)). The Magistrate Judge concluded that Plaintiff failed to meet his burden of persuasion as the moving party. Therefore, Plaintiff's assertion that he is entitled to summary judgment merely because Defendants have no admissible evidence to defeat Plaintiff's summary judgment motion is misplaced.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 86, 87, 89) are DENIED and the Report and Recommendation (Dkt 82) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 58) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 23, 2013

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge