UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEVENS,

        Plaintiff,                                     Hon. Janet T. Neff

v.                                                     Case No. 1:12 CV 90

MICHAEL GRAFOS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (Dkt. #79). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part** as detailed herein.


## BACKGROUND

Plaintiff makes the following allegations in his Second Amended Complaint. (Dkt. #51). On January 22, 2010, Plaintiff "was shot and taken to the hospital." On February 1, 2010, Plaintiff was transferred from the hospital to the Van Buren County Jail. During this transfer, he was "forced. . .to go outside in sub freezing weather without adequate clothing." After arriving at the Van Buren County Jail, Sergeant Franks failed to provide Plaintiff with his prescribed medications.

At approximately 6:00 a.m. the following morning, "Plaintiff's intestines ruptured due to the lack of medications." Plaintiff "pushed the emergency call button to get help," after which Deputy Groh instructed Plaintiff that he would "place the Plaintiff in segregation for pushing the emergency

button if he did it again." Deputy Groh later escorted Plaintiff to speak with Sergeant Bull and Sergeant Guminski both of whom denied Plaintiff's requests for medical treatment despite the fact that Plaintiff "was leaking fluid from his intestine."

At some later unidentified date, Plaintiff was examined by a physician's assistant after which he was admitted to a hospital. Plaintiff was taken to Bronson Hospital, located approximately 50 minutes from the Van Buren County Jail, rather than Lakeview County Hospital, which was located "only five minutes" away. Plaintiff remained in the hospital for eight days after which he was discharged to the Van Buren County Jail. After returning to the jail, Plaintiff was again denied his prescribed medication. Plaintiff was also denied his medically prescribed diet. From February 12, 2010, through April 20, 2010, Plaintiff was required to change his medical dressings "in a non-sanitized environment" and, moreover, "was made to keep discarded dressing[s] in his cell."

On March 27, 2010, Plaintiff complained that he needed a filling in one of his teeth replaced. Plaintiff was examined by physician's assistant James Fowler who informed Plaintiff that "they could only do extractions per policy." On April 10, 2010, Plaintiff was "throwing up and had blood in his colostomy bag." When Plaintiff requested medical assistance, he was "placed in the drunk tank" by Deputy Matthews.

Plaintiff initiated this action on January 30, 2012, against numerous individuals. Plaintiff alleges that Defendants' conduct violated his Fourteenth Amendment right to the equal protection of the laws; his right, under the Eighth and Fourteenth Amendments, to adequate medical treatment; and his right, under the Fourteenth Amendment, to procedural due process. Plaintiff also appears to allege that

Defendants engaged in a conspiracy to deprive him of the rights in question.[1] Plaintiff's claims have since been dismissed except for his claims against Defendants Guminski, Franks, Matthews, Groh, and Bull who now move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary

---

[1] In both his original complaint and his First Amended Complaint, Plaintiff clearly alleged a claim for conspiracy in violation of 42 U.S.C. § 1985. (Dkt. #1, 6, 8). In his Second Amended Complaint, Plaintiff alleges that Defendants "acted together to deprive [him]" of his rights "in contravention of 42 USC § 1983(5)." (Dkt. #51). As § 1983 does not contain a subsection (5), the Court interprets Plaintiff's allegations as asserting a claim for conspiracy under 42 U.S.C. § 1985.

judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United*

*States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I. **Denial of Medical Treatment**

As described above, Plaintiff alleges that he was denied appropriate medical treatment. Such claims generally implicate the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). The Eighth Amendment, however, "does not apply to pretrial detainees." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). Pretrial detainees instead are protected by the Substantive Due Process Clause of the Fourteenth Amendment which, like the Eighth Amendment, protects against the deliberate indifference to serious medical needs. *See Watkins*, 273 F.3d at 686; *Russell v. Davis*, 2013 WL 1442518 at *2 (6th Cir., Apr. 10, 2013); *Glover v. Gartman*, 899 F.Supp.2d 1115, 1130 (D.N.M. 2012); *Daughtery v. Wilson*, 2010 WL 2605815 at *3 (S.D. Cal., Apr. 14, 2010).

Defendants assert that during the time period in question, Plaintiff was a pretrial detainee to whom the Eighth Amendment does not extend. Plaintiff asserts in his Amended Complaint that at "all times" relevant to this matter he was a pretrial detainee in the Van Buren County Jail. Accordingly, Plaintiff's denial of medical treatment claim must be asserted under the Substantive Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. Plaintiff's Eighth Amendment claim must instead be dismissed as superfluous and non-cognizable.

The Constitution protects inmates as well as pretrial detainees against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Watkins*, 273 F.3d at 685-86. The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not violate the Constitution); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on a denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice" does not violate the Constitution).

A.  Defendant Franks

The only allegation asserted against Defendant Franks is that at approximately 9:00 p.m., on February 1, 2010, Franks "placed the Plaintiff in 9-c without receiving pr[e]scribed medications." (Dkt. #51 at ¶ 8).

The evidence submitted by Defendants reveals the following. As of February 1, 2010, Plaintiff was prescribed several medications. (Dkt. #80, Exhibits H-J, L). This evidence further reveals that on the date in question, Plaintiff received at least one dose of his various medications and on subsequent dates received his medications as prescribed. (Dkt. #80, Exhibits H-J, L). As previously noted, on February 1, 2010, Plaintiff was discharged from the hospital and transferred to the Van Buren County Jail. Treatment notes completed following Plaintiff's arrival at the jail indicate that Plaintiff was "set up on meds as directed from discharge instructions." (Dkt. #80, Exhibit E). Plaintiff has not submitted any evidence in response to the present motion, but instead appears content to rely on the

allegations in his Second Amended Complaint. *See El-Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (a properly verified complaint "carries the same weight as would an affidavit for the purposes of summary judgment"). The allegations therein, however, do not refute or address the evidence submitted by Defendants.

At most, Plaintiff missed a single dose of his medications regarding which Plaintiff has failed to demonstrate that he suffered any ill effect. Courts distinguish an isolated failure to provide medication from "a complete deprivation of prescribed medication or even a systematic failure to administer critical doses." *Stone v. Cheboygam County*, 2002 WL 507504 at *4 (E.D. Mich., Apr. 4, 2002); *see also*, *Metcalf v. Veita*, 1998 WL 476254 at *1 (6th Cir., Aug. 3, 1998) (where inmate alleged that he was denied prescribed medication for three days, dismissal appropriate as such did not constitute a "serious deprivation of medical care"); *McKinney v. Washington County*, 2010 WL 3291770 at *1-2 (D.Or., June 8, 2010) (alleged four day deprivation of medication constituted negligence or malpractice which does not implicate the Eighth Amendment). While the Court does not condone depriving Plaintiff of even a single dose of medication, in light of the evidence submitted, the Court finds that such constitutes negligence rather than a purposeful disregard of Plaintiff's health and safety. The allegations in Plaintiff's verified complaint are insufficient to overcome Defendants' evidence and establish the existence of a genuine issue of material fact. Accordingly, the undersigned recommends that Defendant Franks be granted summary judgment as to Plaintiff's Eighth Amendment and Fourteenth Amendment Substantive Due Process claims.

B.  Defendants Guminski, Groh, and Bull

Plaintiff alleges that on the morning of February 2, 2010, his intestines "ruptured," after which he sought medical attention from Defendants Guminski, Groh, and Bull, all of whom denied his requests. (Dkt. #51 at ¶¶ 11-15).

The evidence submitted by Defendants reveals the following. On January 22, 2010, Plaintiff suffered a gunshot wound to the abdomen for which he underwent surgery and treatment at Bronson Methodist Hospital (Dkt. #80, Exhibits A, D). On February 1, 2010, Plaintiff was transferred to the Van Buren County Jail. (Dkt. #80, Exhibit B). Upon his arrival at the jail, Plaintiff participated in a medical screening and was provided with medications. (Dkt. #80, Exhibits C, E, H). Plaintiff was examined and received medical treatment each of the following two days, February 2, 2010, and February 3, 2010. (Dkt. #80, Exhibits E-F). On February 4, 2010, Plaintiff was transported to Bronson Methodist Hospital for further examination and treatment. (Dkt. #80, Exhibit G). Plaintiff was admitted to the hospital where he remained until February 12, 2010, at which point he was transported back to the Van Buren County Jail. (Dkt. #80, Exhibit G). Plaintiff has not submitted any evidence in response to the present motion, but instead appears content to rely on the allegations in his verified complaint.

The evidence submitted by Defendants reveals that Plaintiff was not suffering, on the morning of February 2, 2010, a "ruptured" intestine or any other condition which required immediate medical attention. Nevertheless, Plaintiff was examined and treated that same day. Plaintiff was also examined and treated the following day as well with no indication that Plaintiff had suffered a "ruptured" intestine or any circumstance requiring immediate attention. In sum, Defendants Guminski, Groh, and Bull have presented unrefuted evidence that they were not deliberately indifferent to Plaintiff's serious medical needs. The allegations in Plaintiff's verified complaint are insufficient to overcome this

evidence and establish the existence of a genuine issue of material fact. Accordingly, the undersigned recommends that Defendants Guminski, Groh, and Bull be granted summary judgment as to Plaintiff's Eighth Amendment and Fourteenth Amendment Substantive Due Process claims.

C. Defendant Matthews

The only allegation against Defendant Matthews concerns events that occurred "on or about" April 10, 2010. Specifically, Plaintiff alleges that on the date in question he "was throwing up and had blood in his colostomy bag." When Plaintiff requested medical attention, Defendant Matthews simply "placed [him] in the drunk tank." (Dkt. #51 at ¶ 26).

In support of his motion for summary judgment, Defendant Matthews has submitted an affidavit executed by Lieutenant Charity Cummins. (Dkt. #80, Exhibit K). In her affidavit, Cummins asserts the following. She works at the Van Buren County Jail (VBCJ) and is familiar with the jail's policies and procedures. The location in the jail to which "Plaintiff refers to as the 'drunk tank' is believed to be the VBCJ observation cell." The observation cell "has clear walls which allows VBCJ staff to closely monitor and observe" the individuals therein. Individuals who "require extra monitoring, including for medical reasons, are kept [in the observation cell] for closer observation as necessary."

Summary judgment is not appropriate on the present record. Defendant argues that he is entitled to summary judgment because it was not unreasonable to place Plaintiff in the observation cell as such "would allow the VBCJ staff to monitor Plaintiff's condition more closely." This argument suffers from at least three shortcomings. First, Defendant has failed to establish that Plaintiff was actually placed in the "observation cell." Lieutenant Cummins asserts that she *believes* that Plaintiff was placed in the observation cell. Summary judgment can only be granted on a sufficient *evidentiary*

showing, not the unsubstantiated *belief* asserted by an individual who possesses no firsthand knowledge of the events in question.

Second, even if the Court assumes that Plaintiff was, in fact, placed in the observation cell, Defendant Matthews has presented no evidence that Plaintiff was, in fact, observed after being placed therein. That the observation cell facilitates a greater degree of observation does not establish that Plaintiff was, in fact, observed by anybody after being placed therein.

Finally, Defendant Matthews has presented no evidence that placing Plaintiff in the observation cell constituted a reasonable response to the circumstance he faced. Plaintiff alleges in his verified complaint that he "was throwing up and had blood in his colostomy bag." Defendant has failed to submit any evidence to the contrary. Defendant has likewise failed to present evidence concerning Plaintiff's condition on the date in question or contemporaneous medical treatment he may have received. While it may be reasonable to place in an observation cell an inmate complaining of a minor malady such as a headache or upset stomach, Defendant has failed to produce evidence demonstrating that Plaintiff's condition on the date in question was so minor than placement in an "observation cell" could be considered reasonable. Plaintiff on the other hand has alleged in his verified complaint that on the date in question he "was throwing up and had blood in his colostomy bag," a circumstance which the Court cannot conclude as a matter of law is a de minimis impairment.

In sum, the Court finds that there exists a legitimate factual dispute as to whether Plaintiff was experiencing, on the date in question, a serious medical need and whether Defendant Matthews' response thereto was reasonable. Accordingly, the undersigned recommends that Defendant Matthews be granted summary judgment as to Plaintiff's Eighth Amendment claim, but that Defendant Matthews'

motion for summary judgment be denied as to Plaintiff's Fourteenth Amendment Substantive Due Process claim.

## II.         Procedural Due Process

Plaintiff also asserts that Defendants violated his Fourteenth Amendment right to procedural due process. Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. Plaintiff has failed to allege the deprivation of a constitutionally protected liberty or property interest. *See, e.g., Wederski v. Bacon*, 2013 WL 3233604 at *5-6 (D. Colo., June 26, 2013) (denial of medical treatment claims do not implicate liberty or property interests). Accordingly, the undersigned recommends that Defendants Gumminski, Franks, Matthews, Groh, and Bull be granted summary judgment as to Plaintiff's Procedural Due Process claims.

## III.         Equal Protection

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To state an equal protection claim, a plaintiff "must

adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Plaintiff has neither alleged in his complaint, nor presented evidence, that he has been treated differently from others similarly situated. Accordingly, the undersigned recommends that Defendants Gumminski, Franks, Matthews, Groh, and Bull be granted summary judgment as to Plaintiff's Equal Protection Claims. *See Minadeo*, 398 F.3d at 761 ("a party moving for summary judgment may satisfy its burden. . .by pointing out. . .that the [opposing party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case").

**IV.        Conspiracy**

Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. The elements of a § 1985 conspiracy claim are as follows: (1) a conspiracy involving two or more persons; (2) motivated by racial, class-based, or invidiously discriminatory animus; (3) for the purpose of depriving a person or class of persons the equal protection of the laws; (4) an act in furtherance of the

conspiracy; and (5) injury to person or property, or a deprivation of a right or privilege of a United States citizen. *See Taylor v. Streicher*, 465 Fed. Appx. 414, 419 (6th Cir., Feb. 21, 2012).

Plaintiff has neither alleged in his complaint, nor presented evidence, concerning elements (2)-(5) immediately above. Accordingly, the undersigned recommends that Defendants Gumminski, Franks, Matthews, Groh, and Bull be granted summary judgment as to Plaintiff's conspiracy claim. *See Minadeo*, 398 F.3d at 761; *Morris*, 201 F.3d at 788 (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (dkt. #79), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's claims against Defendants Guminski, Franks, Matthews, Groh, and Bull be dismissed save for Plaintiff's denial of medical treatment claim asserted against Defendant Matthews.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 18, 2013      /s/ Ellen S. Carmody
   ELLEN S. CARMODY
   United States Magistrate Judge