UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

      Plaintiff,                                        Case No. 1:12-cv-90

v                                                      HON. JANET T. NEFF

MICHAEL GRAFOS et al.,

      Defendants.
_____/

**OPINION AND ORDER**

Plaintiff filed this prisoner civil rights action, pursuant to 42 U.S.C. § 1983, alleging that while Plaintiff was a pretrial detainee, Defendants violated his constitutional right to receive adequate medical treatment. Defendants filed a motion for summary judgment, arguing that Plaintiff could not show that Defendants acted with deliberate indifference to a serious medical need (Defs.' Br., Dkt 80 at 7-8, citing *Watkins v. City of Battle Creek,* 273 F.3d 682, 686 (2009)). Defendants further argued that they were entitled to qualified immunity as government officials performing discretionary functions (*id.* at 14).

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion in part and deny Defendants' motion in part. The matter is presently before the Court on Defendant Matthews' objections to the portion of the Report and Recommendation recommending that her motion for summary judgment be denied. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has

performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I.

Defendant Matthews first argues that Plaintiff cannot meet his evidentiary burden to show that he was deprived of adequate medical treatment, and that the Magistrate Judge erred by improperly shifting the burden of proof to Defendant Matthews with regard to Plaintiff's claim (Def.'s Obj., Dkt 97 at 2). Defendant's argument is without merit because the Magistrate Judge properly concluded that, on the current record, there are genuine disputes of material fact and that Defendant Matthews therefore failed to demonstrate that she is entitled to judgment as a matter of law (R&R, Dkt 93 at 3, citing FED. R. CIV. P. 56(a)).

First, contrary to Defendant Matthews' argument, there is a genuine dispute of material fact concerning whether Plaintiff's claim that he "was throwing up and had blood in his colostomy bag" demonstrates a "sufficiently serious medical need" (R&R, Dkt 93 at 11). Defendant's assertion that Plaintiff must "provide 'verifying medical evidence' to establish the detrimental effect of the delay" to satisfy the objective prong on a summary judgment motion (Def.'s Obj., Dkt 97 at 4, quoting *Napier v. Madison County*, 238 F.3d 739, 742-43 (6th Cir. 2001)) is unpersuasive because the verifying-medical-evidence requirement only applies in cases where, as in *Napier*, the plaintiff's claim involves minor maladies or non-obvious complaints of a serious need for medical care. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897-98 (6th Cir. 2004) (clarifying the court's interpretation of *Napier*). In *Napier*, the plaintiff explicitly told a prison guard that "missing [his scheduled dialysis] appointment was 'no big deal' because 'he had missed them before.'" *Id.* at 741. Conversely, in this case Plaintiff "has alleged in his verified complaint that on the date in question

2

he 'was throwing up and had blood in his colostomy bag,' a circumstance which the Court cannot conclude as a matter of law is a de minimis impairment" (R&R, Dkt 93 at 11). *See Blackmore*, 390 F.3d at 899 (distinguishing facts involving vomiting and placement in an observation cell, which belong to the "obviousness" line of decisions, from those such as *Napier*, which require "verifying medical evidence").

Second, the Magistrate Judge correctly concluded that there is a genuine dispute of material fact concerning whether Defendant Matthews possessed a "sufficiently culpable state of mind" based on the evidence of Defendant Matthews' response to Plaintiff's requests for medical attention. Plaintiff alleged in his verified complaint that he was placed in the "drunk tank" after reporting that he "was throwing up and had blood in his colostomy bag" (R&R, Dkt 93 at 11). Although Defendant contends the "drunk tank" is also an observation cell, the Court cannot conclude as a matter of law that the response under the facts presented did not show deliberate indifference to Plaintiff's medical need, as the Magistrate Judge properly reasoned (*see* R&R, Dkt 93 at 10-11).

Finally, Exhibit A, which Defendant submitted with her objection rather than with her summary judgment motion, does not resolve the factual issue. A record of a phone call, which does not mention Plaintiff's bleeding, underscores "that there exists a legitimate factual dispute as to whether Plaintiff was experiencing, on the date in question, a serious medical need" (R&R, Dkt 93 at 11).

Based on the evidence produced by both parties, the Magistrate Judge properly concluded that summary judgment was improper on Plaintiff's denial-of-medical-treatment claim against Defendant Matthews. The material facts are disputed, and Defendant is not entitled to judgment as a matter of law.

II.

Defendant Matthews next argues that the Magistrate Judge erred by not addressing Defendant Matthews' qualified immunity defense (Def.'s Obj., Dkt 97 at 6). Having found that Plaintiff's claim is not without merit as a matter of law, this Court similarly cannot conclude that Defendant Matthews is entitled to qualified immunity.

The Court evaluates whether qualified immunity applies using a two-part test, which asks "'(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established.'" *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The plaintiff has the ultimate burden of proof to establish that the defendant is not entitled to qualified immunity. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002). But on a motion for summary judgment, the moving party—Defendant in this case—cannot prevail if facts that are central to the applicability of qualified immunity are legitimately disputed. *See Poe v. Haydon,* 853 F.2d 418, 426 (6th Cir. 1988).

For a constitutional right to be clearly established, "'existing precedent must have placed the . . . constitutional question beyond debate.'" *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (quoting *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011)). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal citations omitted). Defendant essentially argues that Plaintiff must demonstrate that "an undetermined amount of blood in a colostomy bag and vomiting and placement in another cell for observation" is per se a constitutional violation for the

right to be considered clearly established (Def.'s Obj., Dkt 97 at 8). In the Court's view, Defendant phrases the right too narrowly. When an inmate alleges a deprivation of medical treatment claim, a constitutional violation occurs when a prison official treats an inmate's serious medical needs with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."); *see also Scozzari v. Miedzianowski,* 454 F. App'x 455, 466 (6th Cir. 2012) ("a constitutional right need not be expressly recognized to be clearly established").

Moreover, as stated *supra*, there is a genuine dispute of material fact as to whether that right was violated. Defendant's qualified immunity argument requires this Court to resolve this factual dispute in her favor, which is impermissible on a motion for summary judgment. "'Under either qualified-immunity prong, courts may not resolve genuine disputes of fact in favor of the party'—here, the officers—'seeking summary judgment.'" *Bolick v. City of East Grand Rapids*, No. 13–1807, 2014 WL 4357502, at *3 (6th Cir. Sept. 3, 2014). Rather, if the parties dispute the facts, the Court "'must review the evidence in the light most favorable to the Plaintiff, taking all inferences in [his] favor.'" *Id.* (quoting *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 900 (6th Cir. 2004)). As the Sixth Circuit stated in *Rich v. City of Mayfield Heights*, "summary judgment would not be appropriate if there is a factual dispute (*i.e.,* a genuine issue of material fact) involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." 955 F.2d 1092, 1095 (6th Cir. 1992) (quoting *Poe*, 853 F.2d at 426).

III.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 97) are DENIED and the Report and Recommendation (Dkt 93) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 79) is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's claims against Defendants Guminski, Franks, Matthews, Groh, and Bull are dismissed except for Plaintiff's denial of medical treatment claim asserted against Defendant Matthews.

Dated: September 24 , 2014         /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge