UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEVENS,

                Plaintiff,                             Hon. Janet T. Neff

v.                                                 Case No. 1:12 CV 90

MICHAEL GRAFOS, et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant Spring's Motion to Dismiss.  (Dkt. #104).
Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be
**granted**.


**BACKGROUND**

        Plaintiff initiated this action on January 30, 2012, alleging numerous claims against
various individuals.  Plaintiff subsequently amended his complaint on two occasions.  Plaintiff's Second
Amended Complaint is now the operative document in this regard.  (Dkt. #51).  The vast majority of
Plaintiff's claims have subsequently been dismissed.  At this juncture, only three named defendants and
one unknown party remain in this matter.  One of the remaining defendants, Michael Spring, now moves
for relief on the ground that Plaintiff's claims are time barred and, moreover, fail to state a claim on
which relief may be granted.  Plaintiff has failed to respond to the present motion, despite twice being
permitted additional time to do so.

## ANALYSIS

**I.        Failure to State a Claim**

Plaintiff makes a single allegation against Defendant Spring.  Plaintiff alleges that on February 1, 2010, Defendant Spring and another officer, identified only as John Doe, escorted him from a hospital to the Van Buren County Jail.  (Dkt. #51 at ¶¶ 5-7).  Plaintiff alleges that Defendant Spring and the unknown officer "forced the Plaintiff to go outside in sub freezing weather without adequate clothing."  (Dkt. #51 at ¶ 7).  Plaintiff alleges that Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment.  Defendant Spring asserts that Plaintiff's allegations fail to state a claim on which relief may be granted.

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that

are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and

plausibility of 'entitlement to relief.'"   *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice. . .Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not
> unlock the doors of discovery for a plaintiff armed with nothing more
> than conclusions.  Second, only a complaint that states a plausible claim
> for relief survives a motion to dismiss. . .Determining whether a
> complaint states a plausible claim for relief will, as the Court of Appeals
> observed, be a context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense. But where the
> wellpleaded facts do not permit the court to infer more than the mere
> possibility of misconduct, the complaint has alleged - but it has not
> "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment applies not

only to punishment imposed by the state, but also to deprivations which occur during imprisonment and

are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To establish

an Eighth Amendment violation, Plaintiff must satisfy a two-pronged test.  First, the Court must

determine, objectively, whether the alleged deprivation was sufficiently serious.  With respect to the

objective prong of the analysis, contemporary standards of decency determine whether conditions of

confinement are cruel and unusual.  *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing

*Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  Contemporary standards of decency are violated only

by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's

necessities."  *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)).  If the

objective test is met, the question becomes whether Defendant acted with a "sufficiently culpable state

of mind." *Farmer*, 511 U.S. at 834.  In other words, was Defendant deliberately indifferent to Plaintiff's health or safety.  *Id.*  To survive a motion to dismiss, Plaintiff must allege facts from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff has failed to allege facts from which any reasonable juror could conclude that he experienced a deprivation sufficient to implicate the Eighth Amendment.  *See, e.g., Covington v. Davis*, 2013 WL 1289557 at *3-4 (W.D. Mich., Mar. 15, 2013) (allegations by prisoner that he was exposed to "subfreezing" temperatures for 30-35 minutes during an evacuation of his housing unit did not satisfy the objective prong of the Eighth Amendment analysis).  Plaintiff has likewise failed to allege that Defendant Spring disregarded a known risk to his health or safety.  Accordingly, the undersigned recommends that Defendant Spring's motion to dismiss be granted.

## II.         Statute of Limitations

Defendant Spring next asserts that Plaintiff's claim against him must be dismissed on the ground that it is untimely.  The Court disagrees.

Plaintiff's Eighth Amendment claim against Defendant Spring is asserted pursuant to 42 U.S.C. § 1983.  Section § 1983 itself, however, contains no statute of limitations.  *See, e.g., Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009).  In such a circumstance, the Court must borrow the statute of limitations of the most analogous state law cause of action.  *Id.* (because "Congress has failed to legislate a statute of limitations for § 1983 claims," the Court must "borrow and apply to all § 1983 claims the one most analogous state statute of limitations").  The Supreme Court has held that

"[b]ecause § 1983 claims are best characterized as personal injury actions. . .a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[1]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

With respect to his claim against Defendant Spring, Plaintiff knew of his alleged injury on February 1, 2010. Plaintiff did not assert this particular claim, however, until his Second Amended Complaint. While Defendant is correct that Plaintiff's Second Amended Complaint was not accepted

---

[1] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

for filing and docketed until after the expiration of the limitations period, Plaintiff submitted his Second Amended Complaint and moved for leave to file such prior to the expiration of the limitations period. Under the circumstances, the Court finds that Plaintiff's claim against Defendant Spring was timely filed.  *See, e.g., Pike v. United States*, 868 F.Supp.2d 667, 687-88 (M.D. Tenn. 2012) (for statute of limitations purposes, amended complaint was deemed filed on date that proposed amended complaint and motion for leave to file such were submitted to the court).

## III.        Defendant John Doe

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added); *Clemons v. Soeltner*, 652 Fed. Appx. 81, 82 (6th Cir., Mar. 26, 2003) (if the plaintiff demonstrates good cause for such failure, the court *may* extend the time for service).

Plaintiff initiated the present action on January 30, 2012, and last amended his complaint on February 8, 2013.  In the more than two years since Plaintiff last amended his complaint, he has failed to identify Defendant John Doe, seek the assistance of the Court in identifying this individual, or request an extension of time to effect service on this individual.  Considering Plaintiff's lack of diligence

in this matter, as well as his failure to articulate good cause for such lack of diligence, the undersigned recommends that Plaintiff's claims against Defendant John Doe be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Spring's Motion to Dismiss, (dkt. #104), be **granted**.  The undersigned also recommends that Plaintiff's claims against Defendant John Doe be dismissed without prejudice for failure to timely effect service.  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  August 6, 2015

  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge