UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEVENS,

    Plaintiff,                      Hon. Janet T. Neff

v.                                    Case No. 1:12 CV 90

MICHAEL GRAFOS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Fowler's Motion for Summary Judgment. (Dkt. #121). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

**BACKGROUND**

Plaintiff makes the following allegations in his Second Amended Complaint. (Dkt. #51). On January 22, 2010, Plaintiff "was shot and taken to the hospital." On February 1, 2010, Plaintiff was transferred from the hospital to the Van Buren County Jail. During this transfer, he was "forced. . .to go outside in sub freezing weather without adequate clothing." After arriving at the Van Buren County Jail, Sergeant Franks failed to provide Plaintiff with his prescribed medications.

At approximately 6:00 a.m. the following morning, "Plaintiff's intestines ruptured due to the lack of medications." Plaintiff "pushed the emergency call button to get help," after which Deputy Groh instructed Plaintiff that he would "place the Plaintiff in segregation for pushing the emergency button if he did it again." Deputy Groh later escorted Plaintiff to speak with Sergeant Bull

and Sergeant Guminski both of whom denied Plaintiff's requests for medical treatment despite the fact that Plaintiff "was leaking fluid from his intestine."

At some later unidentified date, Plaintiff was examined by a physician's assistant after which he was admitted to a hospital. Plaintiff was taken to Bronson Hospital, located approximately 50 minutes from the Van Buren County Jail, rather than Lakeview County Hospital, which was located "only five minutes" away. Plaintiff remained in the hospital for eight days after which he was discharged to the Van Buren County Jail. After returning to the jail, Plaintiff was again denied his prescribed medication. Plaintiff was also denied his medically prescribed diet. From February 12, 2010, through April 20, 2010, Plaintiff was required to change his medical dressings "in a non-sanitized environment" and, moreover, "was made to keep discarded dressing[s] in his cell."

On March 27, 2010, Plaintiff complained that he needed a filling in one of his teeth replaced. Plaintiff was examined by physician's assistant James Fowler who informed Plaintiff that "they could only do extractions per policy." On April 10, 2010, Plaintiff was "throwing up and had blood in his colostomy bag." When Plaintiff requested medical assistance, he was "placed in the drunk tank" by Deputy Matthews.

Plaintiff alleges violations of his right to the equal protection of the laws, adequate medical treatment; and procedural due process. Plaintiff also alleges that Defendants engaged in a conspiracy to deprive him of the rights in question.[1] At this juncture, only two defendants, Stacey Matthews and James Fowler remain in this matter. Defendant Fowler now moves for summary judgment. Plaintiff has failed to respond to Defendant Fowler's motion.

---

[1] In both his original complaint and his First Amended Complaint, Plaintiff clearly alleged a claim for conspiracy in violation of 42 U.S.C. § 1985. (Dkt. #1, 6, 8). In his Second Amended Complaint, Plaintiff alleges that Defendants "acted together to deprive [him]" of his rights "in contravention of 42 USC § 1983(5)." (Dkt. #51). As § 1983 does not contain a subsection (5), the Court interprets Plaintiff's allegations as asserting a claim for conspiracy under 42 U.S.C. § 1985.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.       **Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  To state an equal protection claim, a plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis."  *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011).  The Supreme Court has also recognized what is referred to as a "class-of-one" equal protection claims in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Services*, 679 F.3d 433, 441 (6th Cir. 2012).

Plaintiff has neither alleged in his amended complaint, nor presented evidence, that he has been treated differently from others similarly situated.  Accordingly, the undersigned recommends that Defendant Fowler be granted summary judgment as to Plaintiff's Equal Protection claim.  *See Minadeo*, 398 F.3d at 761 ("a party moving for summary judgment may satisfy its burden. . .by pointing

out. . .that the [opposing party], having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case").

**II.        Procedural Due Process**

Plaintiff asserts that Defendant Fowler violated his Fourteenth Amendment right to procedural due process. Pursuant to the Due Process Clause of the Fourteenth Amendment, before depriving an individual of life or a constitutionally protected liberty or property interest the state must afford the individual with notice and an opportunity to be heard. *See Brentwood Academy v. Tennessee Secondary School Athletic Association*, 442 F.3d 410, 433 (6th Cir. 2006), *rev'd on other grounds*, 127 S.Ct. 2489 (2007); *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). The Due Process Clause is not implicated by any and every deprivation of liberty or property, but instead applies only where an individual has been deprived of a *constitutionally protected* liberty or property interest. *See Brentwood Academy*, 442 F.3d at 433. Plaintiff has failed to allege the deprivation of a constitutionally protected liberty or property interest. *See, e.g., Wederski v. Bacon*, 2013 WL 3233604 at *5-6 (D. Colo., June 26, 2013) (denial of medical treatment claims do not implicate liberty or property interests). Accordingly, the undersigned recommends that Defendant Fowler be granted summary judgment as to Plaintiff's Procedural Due Process claim.

**III.        Adequate Medical Care**

Plaintiff alleges that he was denied appropriate medical treatment. Such claims generally implicate the Eighth Amendment. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). The Eighth Amendment, however, "does not apply to pretrial detainees." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). Pretrial detainees instead are protected by the Substantive Due Process Clause of the Fourteenth Amendment which, like the Eighth Amendment, protects against the deliberate indifference to serious medical needs. *See Watkins*, 273 F.3d at 686; *Russell v. Davis*, 2013 WL 1442518 at *2 (6th Cir., Apr. 10, 2013); *Glover v. Gartman*, 899 F.Supp.2d 1115, 1130 (D.N.M. 2012); *Daughtery v. Wilson*, 2010 WL 2605815 at *3 (S.D. Cal., Apr. 14, 2010).

Defendant asserts that during the time period in question, Plaintiff was a pretrial detainee to whom the Eighth Amendment does not extend. Plaintiff asserts in his Amended Complaint that at "all times" relevant to this matter he was a pretrial detainee in the Van Buren County Jail. Accordingly, Plaintiff's denial of medical treatment claim must be asserted under the Substantive Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. Plaintiff's Eighth Amendment claim must instead be dismissed as superfluous and non-cognizable.

The Constitution protects inmates as well as pretrial detainees against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Watkins*, 273 F.3d at 685-86. The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician

as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

To the extent, however, that the plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not violate the Constitution); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on a denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice" does not violate the Constitution).

Defendant Fowler has submitted an affidavit in which he asserts that he examined Plaintiff regarding a complaint by Plaintiff that he was missing a filling in a particular tooth. (Dkt. #122,

Exhibit D at ¶ 16). Fowler informed Plaintiff that while the jail would certainly provide inmates with treatment for "dental emergencies," the jail did not provide inmates with "routine" dental services. (Dkt. #122, Exhibit D at ¶ 16). Fowler examined the tooth in question and determined that "there was no swelling or discharge that might have called for immediate treatment." (Dkt. #122, Exhibit D at ¶ 16). Plaintiff agreed with Defendant Fowler that the circumstance in question "was not an emergency or urgent situation." (Dkt. #122, Exhibit D at ¶ 16). Plaintiff later received a replacement filling after being transferred to the custody of the Michigan Department of Corrections. (Dkt. #122, Exhibit E at pages 9-13). As previously noted, Plaintiff has failed to respond to the present motion thereby foregoing the opportunity to rebut the evidence submitted by Defendant Fowler.

The evidence before the Court reveals that Defendant Fowler examined Plaintiff's tooth and determined that immediate treatment was not necessary because Plaintiff was not experiencing a serious medical need. Plaintiff has presented no evidence calling into doubt Defendant Fowler's recollection of events or the reasonableness of his medical assessment. Thus, Plaintiff can neither show that he was experiencing a serious medical need nor that Defendant Fowler knowingly disregarded a threat to Plaintiff's health or safety. Furthermore, as previously noted, Plaintiff's filling was later replaced after he was transferred to the custody of the MDOC. However, Plaintiff has presented no evidence that he suffered any harm as a result of this delay in treatment. *See, e.g., Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004) (where the need for treatment is not obvious, the plaintiff, to sustain a deliberate indifference claim, must submit "medical evidence" demonstrating that the delay or denial of treatment "resulted in additional injury"). Accordingly, the undersigned recommends that Defendant Fowler's motion for summary judgment be granted as to Plaintiff's denial of medical treatment claims.

## IV.        Conspiracy

Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. The elements of a § 1985 conspiracy claim are as follows: (1) a conspiracy involving two or more persons; (2) motivated by racial, class-based, or invidiously discriminatory animus; (3) for the purpose of depriving a person or class of persons the equal protection of the laws; (4) an act in furtherance of the conspiracy; and (5) injury to person or property, or a deprivation of a right or privilege of a United States citizen. *See Taylor v. Streicher*, 465 Fed. Appx. 414, 419 (6th Cir., Feb. 21, 2012). Plaintiff has neither alleged in his complaint, nor presented evidence, concerning elements (2)-(5) immediately above. Accordingly, the undersigned recommends that Defendant Fowler be granted summary judgment as to Plaintiff's conspiracy claim. *See Minadeo*, 398 F.3d at 761; *Morris*, 201 F.3d at 788.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Fowler's Motion for Summary Judgment, (dkt. #121), be **granted**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 4, 2016      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge