UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES STEVENS,

     Plaintiff,                        Case No. 1:12-cv-90

v                                       HON. JANET T. NEFF

STACEY MATTHEWS et al. ,

     Defendants.

_____/


## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he received inadequate medical care while detained in the Van Buren County Jail.  He asserts equal protection and procedural due process claims under the Fourteenth Amendment, Eighth Amendment and substantive due process claims, and a conspiracy claim under 42 U.S.C. § 1985, against numerous Defendants (Dkt 51).

Defendant James Fowler, a physician assistant, filed a Motion for Summary Judgment (Dkt 121), arguing that Plaintiff failed to demonstrate the necessary elements of his claims.  Plaintiff did not respond to the Motion.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant's Motion.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has considered de novo those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that Defendant Fowler is not entitled to summary judgment because "Defendant . . . failed to respond, rebut, or contest" Plaintiff's substantive due process claim for inadequate medical care concerning the perforation (rupture) of his small intestine (Pl. Obj., Dkt 130 at PageID.890-891).[1]  Plaintiff asserts that Defendant's "silent acquiescence" to this claim renders it unrebutted/uncontested, and it must therefore proceed to trial (*id.* at PageID.891).

Plaintiff's objection is without merit.  Defendant Fowler's Motion addressed this claim and argued, with supporting documentation, that the claim failed as a matter of law (*see* Dkt 122 at PageID.780-781, 785-787).  Thus, Plaintiff had the burden of producing "significant probative evidence" establishing that "there is a genuine issue for trial."  *See Pack v. Damon Corp.*, 434 F.3d 810, 813–14 (6th Cir. 2006) (quotations and citations omitted).  Plaintiff failed to meet this burden.  In fact, Plaintiff did not respond to Defendant's motion.  Plaintiff may not merely rely on his initial allegations to meet this burden.  *Id.* at 814.  The Magistrate Judge properly determined that Defendant was entitled to Summary Judgment.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

---

[1]Plaintiff does not object to the Magistrate Judge's rulings on other claims.

**IT IS HEREBY ORDERED** that the Objections (Dkt 130) are DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 126) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 121) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.

Dated: September 7, 2016                    /s/ Janet T. Neff_____
                                           JANET T. NEFF
                                           United States District Judge